Thomas BARROW, Plaintiff–Appellee,

v.

Lloyd A. FALCK, individually and as Sheriff of Ford County, Illinois, and Ford County, Illinois, Defendants–Appellants.

No. 93–2004.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1993.

Decided Dec. 9, 1993.

Rehearing Denied Feb. 10, 1994.

Edward H. Rawles (argued), Reno, O'Byrne & Kepley, Champaign, IL, for plaintiff-appellee.

William A. Allison (argued), Timothy W. Kelly, Allison & Kelly, Bloomington, IL, for defendants-appellants.

Before CUDAHY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

After entering judgment on the jury's verdict for the plaintiff in this action under 42 U.S.C. § 1983, the district court awarded attorneys' fees at the rate of $135 per hour. We reversed that decision, concluding that counsel's market rate is the fee he charges to paying clients: between $80 and $110 per hour. 977 F.2d 1100, 1105–06 (1992). We remanded so that the district court could select the appropriate rate from within that range and exclude hours that another portion of the opinion held were not compensable under 42 U.S.C. § 1988. Despite our ultimate conclusion ("The market rate for [counsel's] time was not $135, and the district court may not charge his services to defendants at such a rate", 977 F.2d at 1106), the district judge once again entered a judgment based on a rate of $135 per hour. Such flouting of our instructions leads us to vacate the district court's judgment and set the fees ourselves. Cf. *In re Continental Illinois Securities Litigation*, 985 F.2d 867 (7th Cir. 1993) (failure to carry out appellate instructions concerning the calculation of attorneys' fees leads to a writ of mandamus).

The district judge's order on remand did not mention our holding that the hourly rate for Edward Rawles, who represented the plaintiff, may not exceed $110. Instead the judge concluded that the issue is not open to dispute between the parties because in an earlier case, *Upton v. Falck*, the court had awarded fees at the $135 rate to a plaintiff represented by Rawles. That award, the judge believed, collaterally estopped Falck (the defendant in both cases) from denying that Rawles's market rate is $135 per hour. Such an argument comes too late. An argument bypassed by the litigants, and therefore not presented in the court of appeals, may not be resurrected on remand and used as a reason to disregard the court of appeals' decision. The district judge should have considered the possibilities: either Barrow advanced issue preclusion as an argument in

support of the judgment and we thought so little of the point that we did not see a need to discuss it, or Barrow did not invoke issue preclusion and thereby waived the point. Whether the argument was rejected sub silentio or was surrendered, it was unavailable on remand.

■ An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law. But the appellate decision severely limits the kinds of considerations open. Unless the parties bring to the district judge's attention the sort of circumstance that justifies modification under Fed. R.Civ.P. 60(b), the district judge must take the appellate decision as conclusive. *Standard Oil Co. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *Milwaukee R.R. v. Soutter*, 69 U.S. (2 Wall.) 510, 17 L.Ed. 900 (1864); *Cole Energy Development Co. v. Ingersoll–Rand Co.*, 8 F.3d 607, 609–10 (7th Cir.1993); see *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 325, 81 S.Ct. 1243, 1249, 6 L.Ed.2d 318 (1961); *Insurance Group Committee v. Denver & Rio Grande R.R.*, 329 U.S. 607, 612, 67 S.Ct. 583, 585, 91 L.Ed. 547 (1947); *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 140–41, 60 S.Ct. 437, 440–41, 84 L.Ed. 656 (1940); *West v. Brashear*, 39 U.S. (14 Pet.) 51, 10 L.Ed. 350 (1840); *Sibbald v. United States*, 37 U.S. (12 Pet.) 488, 9 L.Ed. 1167 (1838). Issue preclusion is not the sort of argument that justifies revision of a judgment already entered. Quite the contrary. Preclusion is a reason to avoid the toil of reaching an independent decision. Once the labor has been undertaken and the decision rendered on the merits, it is too late to invoke a prior adjudication.

■ Collateral estoppel would be an inadequate answer to our decision even if a district court were empowered to consider it. First, the formal conditions of claim preclusion have not been satisfied. Attorneys' fees

under § 1988 go to the litigant, not the lawyer. Rawles was not Sheriff Falck's adversary in *Upton v. Falck* and did not prevail on any issue in that case; only plaintiff Upton prevailed. Ours is not an appropriate case for offensive non-mutual issue preclusion, for preclusion applies only to issues that were *actually* litigated and not merely to those that could have been. *CIR v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). An issue may be "litigated" for this purpose even though one party is passive. See *Harris Trust & Savings Bank v. Ellis*, 810 F.2d 700, 704–05 (7th Cir.1987). But while *Harris* involved a "genuine evidentiary hearing", 810 F.2d at 705, at which one side remained mum, Upton was settled.[†]

Second, § 1988 requires the court to use the market rate for a lawyer's services. Market prices may go down as well as up; many lawyers have reduced their rates during the recent period of soft demand for legal services; perhaps Rawles's market rate declined. *Upton v. Falck* did not settle—could not have resolved—Rawles's market rate for the indefinite future.

■ Third, issue preclusion does not permit judges to disregard intervening changes in the law. *Sunnen*, 333 U.S. at 599, 68 S.Ct. at 720. At the time of the award in *Upton v. Falck* (indeed, at the time of the initial decision in this case) many judges believed it appropriate to award fees in civil rights cases at a higher rate than the lawyer charges to paying clients in light of the risk of non-payment (the lawyer is compensated only if his client wins the case). *Burlington v. Dague*, —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), holds that risk multipliers are not appropriate in fee-shifting cases, and our prior opinion concludes not only that *Dague* applies to § 1988 but also that it forbids the use of an especially high hourly rate in civil rights cases. 977 F.2d at 1105. In other words, we held that the district court's rate-computation methodology was le-

---

[†] The district court described the circumstances of *Upton* thus: "The action never came to trial as the plaintiff accepted the defendants' offer of judgment, which provided for payment by the defendants of 'a reasonable attorney's fee ... by agreement of the parties or through adjudication of a petition for fees and costs before this Court.' ... On June 4, 1990, the plaintiff submitted a timely petition for attorney's fees and costs: 146.12 hours at $135/hour, plus approximately $2500 in legal assistant fees and costs. The defendants chose not to respond."

gally erroneous in light of *Dague.* That the judge made the same mistake in an earlier case does not justify repetition.

The district court concluded on remand that Rawles devoted 262.85 hours to representation in the district court, and that 50.15 hours of paralegal time at $55 per hour also were reasonably dedicated to the litigation. Defendants do not contest these calculations. The court concluded that work on appeal required 61.08 hours of Rawles's time and 51.45 hours of paralegal time; the district court held that only a third of these hours are compensable because the plaintiff's recovery ($3,700) was so low compared with the amount of legal time invested. See *Farrar v. Hobby,* — U.S. —, — – —, 113 S.Ct. 566, 574–75, 121 L.Ed.2d 494 (1992); *Ustrak v. Fairman,* 851 F.2d 983, 990 (7th Cir.1988). Defendants do not contest the calculation of hours, and plaintiff does not appeal from the reduction by two thirds. The court concluded that Barrow is entitled to $2,198.61 for expenses; again this is uncontested. Hours the district court included for proceedings on remand are no longer compensable, because in light of this decision Barrow did not prevail on remand.

 All that remains is the selection of the appropriate hourly rate for Rawles's time. Rawles testified by deposition that he ordinarily charges between $80 and $110 for his time. He did not attempt to say what portion of his business is at the higher rate and what portion is at the lower rate; defendants likewise introduced no evidence on the subject. On remand Rawles did not enlarge on his testimony; instead he offered a flurry of affidavits about what other lawyers charge for their work or hope to receive when courts set the rate. These affidavits asked the court to set a rate for civil rights cases higher than the rate lawyers charge to their paying clients. Our first opinion had held that this is not the right approach when the lawyer has his own paying business; Rawles's refusal to accept the methodology of our decision has deprived him of any evidence that would support an award at the high end of the range. Defendants say that this should drive us straight to $80 per hour. Not so; all the record establishes is the range. Choosing the mid-point of the range minimizes the size of any error, so we direct the district court to use $95 per hour.

The judgment is vacated, and the case is remanded with the following instructions: Barrow must be awarded compensation for 283.21 hours of legal time at $95 per hour plus 67.3 hours of paralegal time at $55 per hour, for a total of $30,606.45. Barrow is entitled to $2,198.61 for expenses in the district court and the first appeal. Because the proceedings on remand have ended in defendants' favor, Barrow is not entitled to attorneys' fees, expenses, or costs for the proceedings on remand or in this court. Interest is an element of full compensation, so the district court must award prejudgment interest at the prime rate on the sums to which Barrow is entitled. The case is remanded for the sole purpose of the computation of that interest and the entry of judgment in compliance with these instructions.