**HEALTH CARE SERVICE CORP., et al., Plaintiffs–Appellants,**

v.

**BROWN & WILLIAMSON TOBACCO CORP., et al., Defendants– Appellees.**

**No. 00–1468.**

United States Court of Appeals, Seventh Circuit.

Submitted March 17, 2000

Decided March 28, 2000

William R. Quinlan, Quinlan & Crisham, Chicago, IL, for plaintiffs–appellants.

Fred A. Smith, III, Sedgwick, Detert, Moran & Arnold, Chicago, IL, for defendant Brown & Williamson Tobacco Corporation.

Michael T. Hannafan, Hannafan & Associates, Chicago, IL, for defendant B.A.T. Industries, P.L.C.

George R. Dougherty, Grippo & Elden, Chicago, IL, for defendant Lorillard Tobacco Company, Inc.

Edward M. Crane, Skadden, Arps, Slate, Meagher & Flom, Chicago, IL, for defendant U.S. Tobacco Company, Inc.

Royal B. Martin, Jr., Martin, Brown & Sullivan, Chicago, IL, for defendant Council for Tobacco Research–U.S.A., Inc.

Deborah L. Kuhn, Altheimer & Gray, Chicago, IL, for defendant Hill & Knowlton, Inc.

Michael T. Trucco, Stamos & Trucco, Chicago, IL, for defendant Smokeless Tobacco Council Inc.

Larry E. Helper, Burroughs, Helper, Broom, MacDonald & Hebrank, Edwardsville, IL, for defendant Tobacco Institute, Inc.

Harold C. Wheeler, Butler, Rubin, Saltarelli & Boyd, Chicago, IL, for defendant Liggett & Myers, Inc.

Stuart Altschuler, Winston & Strawn, Chicago, IL, for defendant Philip Morris, Inc.

Michael A. Pope, McDermott, Will & Emery, Chicago, IL, Peter J. Busch, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, San Francisco, CA, for defendant R.J. Reynolds Tobacco Company.

Before EASTERBROOK, KANNE, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

We held last year, addressing suits filed by two ERISA welfare funds, plus the Blue Cross and Blue Shield associations of six states, that health insurers may not pursue direct litigation against tobacco producers. *Teamsters Health and Welfare Trust Fund v. Philip Morris Inc.*, 196 F.3d 818 (7th Cir.1999). Insurers may recover only to the extent that they are subrogated to the rights of their insureds, we concluded.

The final line of our opinion reads: "In the Blues' case the order is reversed, and the case is remanded with instructions to dismiss the complaint." Two of the six groups of Blue Cross and Blue Shield associations attempted to avoid that outcome by amending their complaint in the district court. They proposed to file a new complaint, identical in all material respects to the old, except that every time the Blues mentioned themselves, they added "as subrogees" or an equivalent phrase. Judge Bucklo declined to allow the amendment and dismissed the action. Plaintiffs have appealed, and the defendants seek summary affirmance on the basis of our prior decision. See *Mather v. Village of Mundelein*, 864 F.2d 1291 (7th Cir.1989). (Defendants also seek permission to cite and rely on an unpublished decision of this court. That motion is denied. See Circuit Rule 53(e).)

A district court has substantial discretion to disallow belated amendment of a complaint. To the extent Judge Bucklo believed that she lacked discretion because we had forbidden amendment, her decision could not be sustained on that ground—but if this is what the district judge believed, she was entirely correct. During the prior appeal both the ERISA funds and the Blues disclaimed any reliance on subrogation. The fundamental strategy of the suit was to pursue direct claims and thus avoid the drawbacks of subrogation actions—principally, that the insurer demonstrate the existence of a tort and the lack of any defenses to liability. Plaintiffs contended that they could recover directly, even if none of their insureds had a viable claim.

That strategy was unsuccessful, and it is too late to turn the suit 90° and try again. "An argument bypassed by the litigants, and therefore not presented in the court of appeals, may not be resurrected on remand and used as a reason to disregard the court of appeals' decision." *Barrow v. Falck*, 11 F.3d 729, 730 (7th Cir.1993). If plaintiffs wanted to pursue both direct and subrogation actions, they should have told us so the first time. We resolved every contention that the parties presented and held that the complaint must be dismissed. The district court did not err in implementing our mandate.

If the Blues want to proceed as subrogees, they must file a new suit satisfying the usual conditions of a subrogation action. Plaintiffs must identify the persons to whose claims the insurers are subrogated and show that the insureds are entitled to recover, that the plaintiffs have a contractual right to proceed on each insured's behalf with respect to each claim, and that the suits fall within federal jurisdiction. Doubtless the Blues are subrogated to their insureds' tort claims. Yet this complaint is dominated by claims under the antitrust laws, RICO, and state consumer-fraud statutes. It is unclear why health insurers are entitled to pursue these claims, when (for example) the complaint does not give any reason to believe that the insurers have compensated the insureds for antitrust injury or purchased the right to pursue smokers' antitrust claims. But we need not pursue these issues, for the amended complaint that the Blues sought leave to file did none of these things.

AFFIRMED