### UNITED STATES of America, Plaintiff–Appellee,

v.

### Robert R. KRILICH, Sr., Defendant– Appellant.

### No. 02–1445.

United States Court of Appeals, Seventh Circuit.

* This appeal has been submitted under Operating Procedure 6(b) to the panel that decided prior appeals in the case. The panel has concluded that additional oral argument is unnecessary.

Submitted Sept. 11, 2002.*

Decided Dec. 31, 2002.

Before EASTERBROOK, RIPPLE, and EVANS, Circuit Judges.

### Order

This is the fourth appeal we have considered in a criminal prosecution commenced eight years ago. The last time the case was here, we concluded that the evidence did not warrant any reduction in sentence under U.S.S.G. § 5H1.1 or § 5H1.4. After resolving other contentions, we remanded the case to the district court "with instructions to impose a sentence in the range of 135 to 168 months." *United States v. Krilich*, 257 F.3d 689, 694 (7th Cir.2001). The district court held a hearing to select an appropriate sentence from this range. The final sentence, at 135 months, is the most favorable outcome that our mandate permits. Yet Krilich has appealed again, arguing that his sentence should have been lower.

Our remand did not permit the presentation of evidence or legal theories supporting a different range. The lawful range had been established on the basis of evidence and arguments presented during multiple evidentiary hearings and appeals. We held that a sentence *must* be imposed from the range 135–168 months. That decision became final when the Supreme Court denied Krilich's petition for certiorari. 534 U.S. 1163, 122 S.Ct. 1175, 152 L.Ed.2d 118 (2002). New arguments pre-

sented after a decision of the kind we rendered do not justify departure from the mandate. See *Barrow v. Falck*, 11 F.3d 729 (7th Cir.1993). A change of law after the rendition of an appellate opinion sometimes justifies revisiting decided issues, but Krilich does not point to any favorable change of law. Consequently the district judge had no authority to impose a sentence lower than the one Krilich received.

AFFIRMED