No. 03-139

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 384

_____

LILLIAN THOMPSON WOODS,                    )
Independent Administratrix of the Estate of    )
ANDRE G. WOODS, Deceased,                  )
                                           )
            Plaintiff and Appellant,           )        O P I N I O N
                                           )        A N D
      v.                                   )        O R D E R
                                           )
BURLINGTON NORTHERN AND SANTA FE        )
RAILWAY CO.,                               )
                                           )
            Defendant and Respondent.         )

_____

¶1    Appellant Lillian Thompson Woods, by counsel (Woods) has filed a Motion for

Interest Pursuant to Rule 31, M.R.App.P.   Her Motion is filed on the heels of our decision

entered in the underlying action on November 23, 2004, in which we reversed the District

Court's decision and remanded for a judgment reinstating the full amount of the jury's

verdict.  See *Woods v. Burlington Northern Santa Fe Ry.,* 2004 MT 332, ¶ 30, ___ Mont.

___, ¶ 30, ___ P.3d ___, ¶ 30.  Woods seeks an Order pursuant to Rule 31, M.R.App.P.,

directing the District Court to award her interest on the full sum of the jury's verdict at the

rate of ten percent (10 %) per annum from the date of the jury's verdict, which was entered

January 15, 2003.  Burlington Northern Santa Fe Railway (BNSF) opposes the Motion.  It

maintains that because we reversed the judgment of the District Court and remanded for

1

entry of judgment accordingly, post-judgment interest should commence to run from the date the amended judgment is entered, pursuant to our mandate.

¶2 Both parties cite *Resner v. Northern Pacific Railway* (1973), 161 Mont. 177, 189, 505 P.2d 86, 92, in support of their positions, each putting on the *Resner* case their own spin in support of the respective relief they seek. In *Resner*, we adopted without discussion or analysis the rule announced in the California case of *Stockton Theatres, Inc. v. Palermo,* 55 Cal.2d 439, 11 Cal. Reptr. 580, 582, 360 P.2d 76, 78. In doing so, we distinguished between a judgment that is *modified* upon appeal, whether upward or downward, and a judgment that is *reversed* on appeal, with a new award being subsequently entered by the district court on remand. In the former instance, where a modification occurs, we said that the new sum draws interest from the date of the entry of the original order, while in the latter case, where a judgment is reversed on appeal, the new award subsequently entered by the district court will bear interest only from the date of entry of such new judgment. The obvious problem with this formula is that a reversal will always constitute a modification of a judgment; thus, the distinction between the two terms is not instructive. Here, the judgment of the District Court was both modified on appeal and reversed. The distinction *Resner* attempts to make appears only to confuse the issue rather then clarify it.

¶3 Both parties also cite our Order of November 30, 2004, entered in the case of *Marie Deonier & Associates v. Paul Revere Life Insurance Company*, under Cause No. 02-630. There, we considered a question similar to that raised by Woods in the instant case. In *Deonier*, we declined the Plaintiff's invitation to award interest on a reinstated punitive

2

award from the date of the original judgment, citing *Resner*. In entering our Order in *Deonier*, we recognized the somewhat confusing analysis that the *Resner* Court adopted, but concluded that because the Plaintiff neither addressed or distinguished *Resner* in her Motion for an award of interest, we would simply apply the rule without comment. Here, however, the parties each attempt to place on the *Resner* analysis different constructions, both of which are arguably justified given the ambiguous distinctions in which the *Resner* Court engaged.

¶4     BNSF cites at page 6 of its response to Woods' Motion for Interest 45 Am. Jur. 2d, *Interest* and *Usury* § 82 (1999 and Supp. 2004). This treatise describes the manner in which various jurisdictions construe "reversal" or "modification" of a judgment. If anything, the treatise analysis only underscores the confusion in this area.

¶5     We deem it appropriate to clarify--for Woods and BNSF, as well as future litigants-- the manner in which interest should be handled in a case where, as here, an award of damages is entered by virtue of a district court's decision or jury award, only to be somehow modified or reversed, on appeal. We hereby adopt the following Rule:

¶6     1. As Rule 31, M.R.App.P., sets forth, in those cases in which a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court.

¶7     2. In those cases in which a money judgment is either modified or reversed by virtue of a decision of this Court, the following Rules shall apply:

3

¶8    a.    To the extent that a discreet and identifiable portion of the original judgment is upheld on appeal, the amount of that judgment shall bear interest from the date the original judgment was entered in the district court;

¶9    b.    In those cases in which a money judgment is modified or reversed by this Court, with the result that the money judgment is increased over that entered by the district court, the amount representing the increase shall bear interest from the date the new judgment is entered on remand pursuant to this Court's direction; and

¶10    c.    In those cases in which a money judgment rendered in the district court is reversed, modified, or vacated on appeal, with the consequence that the district court is directed to enter an entirely new judgment no portion of which is discreetly identifiable from the original verdict or judgment, then interest on the new judgment shall begin to accrue only from the date the new judgment is entered on remand pursuant to this Court's direction.

¶11    As noted above, our holding in *Resner* is subject to more than one interpretation. While the Rule announced above does not really overturn the holding of *Resner*, in the interests of clarity and consistency from this point forward, we conclude that that portion of *Resner* announcing the manner in which post-judgment interest should be assessed following reversal or modification of a judgment is hereby overruled.

¶12    Based upon the foregoing, it is hereby ordered that the District Court's original judgment in the sum of $484,898.39 shall bear interest at the statutory rate from the date the judgment was entered in the District Court. That portion of the jury's award which is

reinstated by virtue of our Opinion in this matter shall bear interest at the statutory rate from the date judgment is entered by the District Court pursuant to our remand.

¶13    SO ORDERED.

DATED this 28th day of December, 2004.

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE