DA 06-0082

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 211

JIMMY ENGELSBERGER,

      Plaintiff and Respondent,

  v.

LAKE COUNTY, a political subdivision of the State of Montana,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
                  In and For the County of Lake, Cause No. DV-02-198
                  Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Norman H. Grosfield, Utick & Grosfield, Helena, Montana

      For Respondent:

          Matthew H. O'Neill, O'Neill Law Office, Polson, Montana

Submitted on Briefs:  December 13, 2006

Decided:  August 28, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Lake County appeals an Order of the Twentieth Judicial District Court, Lake County (District Court), granting a motion to strike affidavits filed by Jimmy Engelsberger (Engelsberger) and denying Lake County's motions to set aside both a default and a default judgment. We reverse and remand.

¶2 We restate the issue on appeal as follows: Did the District Court err in refusing to set aside the default entered against Lake County?

¶3 As we reverse and remand for further consideration the District Court's denial of Lake County's motion to set aside its default, we need not decide whether the District Court erred in denying Lake County's motion to set aside the default judgment and in granting Engelsberger's motion to strike affidavits.

¶4 On December 27, 2002, Engelsberger filed a complaint against Lake County alleging wrongful discharge. For the next two years Engelsberger attempted to resolve his claim with Lake County officials. On January 10, 2005, Engelsberger finally served Lake County Commissioner Mike Hutchin (Hutchin) with the summons and complaint in this action. Lake County made no appearance in the lawsuit and on March 7, 2005, Engelsberger applied to the Lake County Clerk of the District Court for a default. The Clerk entered the default of the defendant Lake County that same day.

¶5 The next day, March 8, 2005, Lake County appeared in the action by way of a Motion to Set Aside Entry of Default. In an order entered April 5, 2005, the District Court denied the motion. The District Court, citing *Essex Ins. Co. v. Jaycie, Inc.,* 2004 MT 278, ¶ 12, 323 Mont. 231, ¶ 12, 99 P.3d 651, ¶ 12, and *Cribb v. Matlock Communications, Inc.,* 236 Mont.

2

27, 30, 768 P.2d 337, 339 (1989), held that the failure of Lake County to timely appear in the action was willful, and based solely on such willful conduct denied the motion.

¶6 Engelsberger then applied for a default judgment. The amount of his damage was tried to a jury, which awarded $90,532.00. The District Court entered judgment against Lake County for the amount of the jury verdict on November 21, 2005.

¶7 After the District Court entered judgment Lake County filed a Motion to Set Aside Default Judgment, attaching three documents captioned as "Affidavits." The District Court denied Lake County's motion to set aside the judgment and granted Engelsberger's motion to strike the affidavits. Lake County appealed.

¶8 The general principles which guide this Court in considering a motion to set aside a default are: every case should be decided on its merits, judgments by default are not favored, and district courts are vested with discretion when considering a motion to set aside a default. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, ¶ 16, __ P.3d __, ¶ 16. Additionally, the party seeking to set aside the judgment bears the burden of proof. *Matthews v. Don K Chevrolet*, 2005 MT 164, ¶ 9, 327 Mont. 456, ¶ 9, 115 P.3d 201, ¶ 9. When a trial court grants a motion to set aside a default and opens up the action for a trial on the merits, the court's ruling will only be set aside upon a showing of manifest abuse of discretion. However, when a trial court denies a motion to set aside a default, the defaulting party need only show a slight abuse of discretion to warrant reversal. *See Essex v. Moose's*, ¶ 17. [1]

---

1 These are the same principals this Court uses to review a district court's decision on a motion to set aside a default judgment.

¶9 Lake County argues that the District Court abused its discretion in refusing to grant the motion to set aside its default. It contends that the District Court should have set aside the default because both the good cause criteria contained in M. R. Civ. P. 55(c) and the excusable neglect standard in M. R. Civ. P. 60(b)(1) are satisfied.

¶10 This Court has set separate standards for review of motions for relief from default judgments and for review of motions to set aside defaults. *Essex v. Jaycie,* ¶ 12. If a defending party does not appear and the district court enters judgment by default, we apply Rule 60(b) and the standard set forth in *Blume v. Metropolitan Life Ins. Co.*, 242 Mont. 465, 467, 791 P.2d 784, 786 (1990). *Essex v. Jaycie,* ¶¶ 11, 12; *See also Matthews,* ¶¶ 8, 12; *Tschida v. Rowe,* 2003 MT 192, ¶ 12, 316 Mont. 503, ¶ 12, 74 P.3d 1043, ¶ 12. We apply Rule 55(c) and the standard set forth in *Cribb* when the clerk of the district court has entered a default, but where the district court has not entered a default judgment at the time the defending party appears. *Essex v. Jaycie,* ¶¶ 5, 12. If a default is set aside, a judgment upon which it is based must be vacated. *Big Spring v. Blackfeet Tribe of Blackfeet Indian Reservation*, 175 Mont. 258, 264, 573 P.2d 655, 659 (1978). Conversely, if a default is not set aside, a judgment entered as a result of that default will not be vacated.

¶11 As the result in this case depends on whether the default of Lake County is set aside, we apply Rule 55(c) and the *Cribb* standard to analyze whether the District Court slightly abused its discretion in denying Lake County's motion.

¶12 Rule 55(c) provides in pertinent part: "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Whether "good cause" exists to set aside a default under Rule

4

55(c) is an equitable determination made by considering the factors set forth in *Cribb* and *Essex v. Jaycie*:

> (1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. The court must also balance the interests of the defendant in the adjudication of his defense on the merits, against the interests of the public and the court in the orderly and timely administration of justice.

*Essex v. Jaycie*, ¶ 10, citing *Cribb*, 236 Mont. at 30, 768 P.2d at 339.

¶13    The District Court did not err in concluding that Lake County's failure to appear was willful. It noted that the summons served upon Hutchin explicitly stated that failure to answer the complaint within twenty days could result in judgment by default for the relief demanded in the complaint and that Hutchin's failure to bring the summons and complaint to the attention of the County Attorney's office constituted willful behavior.

¶14    Lake County argues its failure to timely appear was not willful, but resulted from a misunderstanding of procedure occasioned by a change of guard in the office of the Lake County Clerk of the District Court. The argument advanced is that on prior occasions, when a lawsuit was filed against Lake County, the Clerk of Court would take the complaint to the Lake County Attorney, who would then appear for the County. In this instance no one in the office of the Clerk of Court did so.

¶15    However, the failure of the Clerk of Court's office to follow an informal, in-house procedure does not absolve managerial personnel, the County Commissioners, from the duty of diligence required to deliver the summons to the proper individuals -- in this case, the office of the Lake County Attorney. It is not an abuse of discretion for a District Court to

require management-level personnel to be aware of the importance of a summons from the moment it is received. *Roberts v. Empire Fire and Marine Ins. Co.*, 278 Mont. 135, 141, 923 P.2d 550, 554 (1996). Here, one of the three highest executive officers in Lake County was personally served with a summons and nothing was done to appear in the lawsuit. Lake County's conduct in this instance is analogous to office mismanagement, neglect and inattentiveness on the part of high-level employees that is sufficiently careless to amount to willfulness. *See Roberts*, 278 Mont. at 140-41, 923 P.2d at 553-54.

¶16     In addressing "good cause" under a Rule 55(c) motion to set aside a default, a Court must be more inclined to set aside the default because it is more flexible and lenient than the "excusable neglect" standard for setting aside a default judgment under Rule 60(b). *Cribb*, 236 Mont. at 30, 768 P.2d at 339. When considering a motion to set aside a default the District Court is compelled in every case to consider all three factors of the *Cribb* test. *Essex v. Jaycie*, ¶¶ 14, 16; *See also Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (There should be no rigid legal rule against late filings attributable to any particular type of negligence. Instead, the weighing of equitable factors is left to the discretion of the trial court in every case.).[2]

¶17     Because a consideration and balancing of all three *Cribb* factors is required before making a decision on a motion to set aside a default, and because the District Court only

---

2   In applying the four-part *Blume* test to a Rule 60(b) motion to set aside a default judgment, a district court might consider only the first factor, excusable neglect. This Court has consistently held that if a party fails to establish "excusable neglect," it fails to establish the "threshold requirement" necessary to set aside a default judgment. *Roberts*, 278 Mont. at 140-41, 923 P.2d at 553-54. Thus, if a trial court finds that a party fails to establish excusable neglect, it may not need to address the additional elements of the *Blume* test. *Matthews*, ¶ 15.

considered Lake County's willful failure to appear, we must remand this case to the District Court for a consideration of any prejudice to Engelsberger if the default is set aside and if Lake County presented the possibility of a meritorious defense.

¶18 If, upon consideration of all three factors used to determine if there is good cause to set aside a default, as enunciated in *Cribb* and *Essex v. Jaycie*, the District Court concludes that the default of Lake County should not be set aside, it shall re-affirm the judgment of November 21, 2005. In such instance, interest on the judgment shall run from the date of its original entry. *Woods v. Burlington N. & Santa Fe Ry. Co.*, 2004 MT 384, ¶ 8, 325 Mont. 106, ¶ 8, 104 P.3d 1045, ¶ 8. Should the District Court conclude that the default of Lake County must be set aside, the matter shall proceed to trial on the issue of liability only, as the amount of damages has already been determined.

¶19 Reversed and remanded for proceedings in conformity with this Opinion.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS