DA 08-0071

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 229

ROBERT EDWARDS,

      Plaintiff and Appellant,

    v.

CASCADE COUNTY, CASCADE COUNTY SHERIFF
DEPARTMENT, UNDERSHERIFF CLYDE "BLUE"
CORNELIUSEN and CASCADE COUNTY SHERIFF
DAVID CASTLE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV 06-1158
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Elizabeth A. Best, Best Law Offices, P.C., Great Falls, Montana

      For Appellees:

      Robert J. Vermillion, Smith, Walsh, Clarke & Gregoire, PLLP, Great
Falls, Montana

Submitted on Briefs:  November 19, 2008

Decided:  July 7, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Robert Edwards and four other plaintiffs brought actions under the Montana Human Rights Act against Cascade County, the Cascade County Sheriff and deputy sheriffs (hereinafter collectively called the County).  Attorney Elizabeth Best represented Edwards as well as the other claimants.  Only Edwards was successful in his claim before the Human Rights Bureau (HRB).  The Human Rights Act provides that successful claimants may recover attorney fees.  Edwards, through Best, petitioned the District Court of the Eighth Judicial District for an award of his reasonable attorney fees and submitted calculations and affidavits justifying the amount claimed.  The District Court awarded fees.  However, the District Court awarded less than the amount claimed.  Edwards appeals.  We reverse in part and affirm in part.

¶2     This appeal presents the following issues:

¶3     Issue 1: Did the District Court abuse its discretion by deducting from the amount of fees claimed payment for 74 hours of attorney time?

¶4     Issue 2: Did the District Court err in applying an "offset" of $28,062.95 to Edwards' fee claim?

¶5     Issue 3: Did the District Court err by not awarding interest?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6     Edwards and four other former employees of the Cascade County Sheriff's Department brought Human Rights Act claims against the County, alleging that their termination from the Sheriff's Department was in retaliation for supporting an

2

unsuccessful candidate for sheriff. An HRB investigator concluded that only Edwards' claim constituted a violation of the Human Rights Act. The remaining four men, as well as another terminated deputy sheriff, filed complaints in District Court alleging statutory, common law and constitutional violations by the County. Edwards and the other claimants were all represented by Best before both the HRB and in District Court.

¶7 Pursuant to the provisions of the Human Rights Act, Edwards, through his attorney Best, filed a petition in District Court for enforcement of the favorable decision of the HRB and for an award of attorney fees. Best claimed compensation for the time she had expended in representing not only Edwards, but her other clients who had similar claims based on the same basic facts. In support of the claim for attorney fees, Best filed affidavits from two experienced civil rights attorneys. These lawyers both opined that the total number of hours expended by Best, and the hourly rate she charged, were reasonable and necessary to adequately represent Edwards. The County filed a response which did not object to Best being awarded her reasonable fees for representation of Edwards. However, the County objected to the amount of fees claimed on the basis that all of the time Best expended was not on behalf of Edwards. The County filed no affidavits or sought to introduce other evidence concerning the reasonable amount of Best's fees. Best filed two additional affidavits in support of her fee claim on December 15, 2006, and October 26, 2007.

¶8 In June of 2007, the County requested leave to amend its response. The County asserted it had mistakenly paid Edwards $28,062.95, and this amount must be offset

3

against attorney fees. The District Court granted the County's motion to amend its response.

¶9     In August of 2007, the District Court ordered Best to construct a more complete presentation of her fee request by segregating the time she expended on Edwards' claim from the time she expended representing the other five plaintiffs. Best responded that she could not do so and requested a hearing on the matter. The District Court again ordered Best to submit a more complete accounting of the time spent on Edwards' case.

¶10    The District Court scheduled a hearing on the petition for attorney fees at the beginning of December, 2007. The day before the hearing Best filed a brief in which she again asserted that it was impossible to segregate hours expended on Edwards' case from those spent working on the other cases.

¶11    At the hearing two attorneys testified that the number of hours expended by Best and the rate she charged were reasonable and necessary. They also testified that segregation of hours spent on Edwards' case from those spent on the other matters was not possible or appropriate.

¶12    The record indicates that the County sent six checks to Best on behalf of Edwards. One of these checks was dated August 23, 2006, written by Cascade County and made payable to Edwards for the amount of $28,062.95. After receiving this check, Best wrote the County's attorney and inquired if it represented a partial payment of fees and costs. Best asserts that he did not respond so she wrote another letter. The County's attorney then responded that the check was meant to respond to the HRB order, which did not

4

relate to fees. While these communications were going on, Best left the money in her trust account. On January 31, 2007, the County sent Edwards an IRS form 1099 reflecting the payment of the $28,062.95. Best then paid the money to Edwards, as he received the form 1099 evidencing a tax liability for the payment. On March 28, 2007, the County's lawyer sent a letter to Edwards demanding refund of the $28,062.95.

¶13 In January 2008, the District Court issued its Order awarding attorney fees. It reduced Edwards' fee claim, refusing payment for a net of 74 hours of Best's attorney time, which it concluded she had expended working for her other clients. The order also granted the County's motion to deduct from the fee award the $28,062.95, and did not order payment of interest.

## STANDARD OF REVIEW

¶14 We review a district court's grant or denial of attorney's fees for abuse of discretion. *Kuhr v. City of Billings*, 2007 MT 201, ¶ 14, 338 Mont. 402, 168 P.3d 615. A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice. *Kuhr*, ¶ 14.

## DISCUSSION

¶15 *Issue 1: Did the District Court abuse its discretion by deducting from the amount of fees claimed payment for 74 hours of attorney time?*

¶16 At the hearing on attorney fees, Best called two lawyers who testified that the hours she had billed to Edwards were reasonable and that it was impossible to segregate

5

the time spent on his case from that spent on the other cases. Best also testified in a similar fashion. The County presented no evidence. It simply objected to the number of hours claimed by Best.

¶17 On behalf of Edwards, Best asserts it is impossible to separate the work done for her four clients, who were not entitled to fees, from the work done for Edwards. Best claims that all her work was related to a single, core set of facts, and the legal theories are the same, making any separation of the hours spent for the different clients purely arbitrary and inappropriate. In the District Court she backed up this claim with affidavits, expert testimony and her own testimony. The County presented no contrary evidence. The District Court concluded that it had no choice other than to reduce the amount of the claimed attorney fees because Best represented five clients, and only one was entitled to fees. Therefore, after a *sua sponte* examination of Best's fee statement, the District Court attributed a net 74 hours of time to work performed for Best's clients other than Edwards and declined payment for these hours.

¶18 The District Court utilized the lodestar approach to determine a reasonable attorney fee. This approach has been approved by this Court. *See Laudert v. Richland County Sherriff's Dept.*, 2001 MT 287, 307 Mont. 403, 38 P.3d 790. The lodestar fee amount is calculated by taking the number of hours reasonably expended and multiplying it by a reasonable hourly rate. *Laudert*, ¶ 14.

¶19 A prevailing party in a human rights action may bring an action in district court for attorney fees. Section 49-2-505(8), MCA. Edwards was the prevailing party in his

6

human rights action. The other four plaintiffs Best represented in front of the HRB are not entitled to attorney fees as they were not successful in that forum. However, as noted above, Edwards argues that the "core common facts" of the claims of all five plaintiffs were necessarily developed so that he could be successful in his HRB case.

¶20 In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983), cited with approval by this Court in *Audit Services v. Frontier-West*, 252 Mont. 142, 827 P.2d 1242 (1992), the Court recognized that where claims involve a core set of facts or are based on related legal theories, much of a lawyer's time is devoted generally to the litigation as a whole, making it difficult to divide the hours on a claim by claim basis. *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1940; *Audit Services*, 251 Mont. at 154, 827 P.2d at 1250. The County does not contest that the several claims brought by Best for her several clients were interrelated to the extent that they all involved alleged discrimination by the same people in the Sheriff's Department, for the same reason. The several claims, therefore, do involve a core set of facts and are based on the same legal theory. We conclude that, at least initially, the lodestar approach is an appropriate method to determine Best's reasonable fee.

¶21 In considering a claim for attorney fees, a district court must determine whether the claimed fees were incurred for claims that were distinct or interrelated. Distinctly different claims for relief based on different facts and legal theories which are unsuccessful may be excluded from the lodestar fee calculation. *Laudert*, ¶ 19 (citing *Hensley*, 461 U.S. at 434-35, 103 S. Ct. 1933). As aptly noted by the District Court, there

7

could be some facts which support the claims of Best's several clients which differ from those that support Edwards' claim. Thus, in the ordinary case, Best might not recover for one client the entirety of the time she spent in making claims for five separate clients. However, because of the posture of this case, we conclude that the District Court was forced to make an arbitrary decision that must be reversed.

¶22 When the loadstar approach is appropriate to determine a reasonable fee in a human rights action, there is a strong presumption that the lodestar figure represents a reasonable fee. *Ihler v. Chisholm*, 2000 MT 37, ¶ 72, 298 Mont. 254, 995 P.2d 439. Best presented the District Court with substantial evidence that the hours she spent on her other clients' cases would be impossible to segregate from Edwards' case as all claims arose from a core set of facts and were brought under the same legal theories. Not only did the County fail to present any evidence which contradicted Edwards' claim, it did not elicit any information on cross-examination about the hours that Best may have spent working for clients other than Edwards. The County presented the District Court with nothing to rely on to reduce the hours claimed. This lack of evidence forced the District Court into making an arbitrary decision, not based on evidence, which under the facts of this case constitutes an abuse of discretion. *See Roe Family, LLC v. Lincoln County*, 2008 MT 70, ¶ 12, 342 Mont. 108, 179 P.3d 514.

¶23 Considering the presumption that the lodestar fee calculation is correct; the substantial evidence in support of Edwards' claim that the hours Best expended developed a core set of facts which are applicable to the same legal theory; the substantial

8

evidence that Best's time could not be segregated between the several claims; along with the complete lack of contrary evidence, we determine that the District Court erred in deducting 74 hours from the time used to determine lodestar amount of attorney fees.

¶24 *Issue 2: Did the District Court err in applying an "offset" of $28,062.95 to Edwards' fee claim?*

¶25 The Final Agency Decision of the HRB awarded Edwards a total of $40,948.83. The District Court, armed with that decision, determined that the award was $25,000 for emotional distress, $12,885.88 for wages, $1,082.74 as interest, and $1,980.21 for medical expenses. The District Court then determined that the County's insurer paid Edwards for the emotional distress on August 14, 2006, and that the County itself paid the remainder of this amount, less withholding tax on wages, on August 18, 2006.

¶26 Confusion arose upon receipt, by Best, of a check for $28,062.95 written from the County's account. Upon receiving the check Best wrote to the County's lawyer, inquiring as to the intention of the check. He replied that it was in response to the HRB order. This was a mistake. After this action was commenced to determine the amount of a reasonable attorney fee to be paid to Edwards, the mistake was discovered and the County moved to amend its response to claim a refund. Whether to allow an amendment to a pleading is within the discretion of the District Court. In this instance, allowing the County to amend its response to include a claim for a refund did not deny Edwards the opportunity to defend against the claim and we find no abuse of discretion in the District

9

Court's order allowing the amendment. M. R. Civ. P. 15(a); *See Aldrich & Co. v. Ellis*, 2002 MT 177, ¶ 27, 311 Mont. 1, 52 P.3d 388.

¶27 The District Court found, based on the evidence submitted, that the County overpaid what it owed by adding an additional $25,000 to the award of $40,948.83. Upon realizing the mistake, the County's lawyer filed the request for the refund.

¶28 The District Court found that a careful reading of the HRB decision shows that the County did overpay Edwards $28,062.95. Our examination of the record indicates that the District Court is correct. $40,948.83 is the full and final award as it is the only number included in the "order" attached in the findings of fact, conclusions of law. The District Court correctly concluded that if Edwards were allowed to keep the $28,062.95 overpayment he would be unjustly enriched. Unjust enrichment occurs when one has and retains money which in justice or equity belongs to another. *Lawrence v. Clepper*, 263 Mont. 45, 53, 865 P.2d 1150, 1156 (1993).

¶29 Edwards insists that the County is barred by the doctrines of waiver, equitable estoppel, laches and release, from recovering the overpayment of $28,062.95.

¶30 Waiver is a voluntary and intentional relinquishment of a known right or claim. It may be proved by express declarations or by a course of acts and conduct which induces the belief that the intent and purpose was waiver. *R.C. Hobbs Enterprises, LLC v. J.G.L. Distributing, Inc.*, 2004 MT 396, ¶ 24, 325 Mont. 277, 104 P.3d 503. To establish a waiver, the party asserting waiver must demonstrate the other party's knowledge of the existing right, acts inconsistent with that right, and resulting prejudice to the party

asserting waiver. *VanDyke Const. Co. v. Stillwater Mining Co.*, 2003 MT 279, ¶ 15, 317 Mont. 519, 78 P.3d 844. The record is clear that the County did not know that it was not obligated to pay the $28,062.95 in question and that it did not knowingly waive its right to have it returned.

¶31 In order to establish its claim of estoppel, Edwards was required to prove each of six elements of that defense to the County's claim for reimbursement: (1) the existence of conduct, acts, language, or silence amounting to a representation or a concealment of a material fact; (2) these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; (3) the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon by him; (4) the conduct must be done with the intention, or at least the expectation, that it will be acted upon by the other party, or under circumstances both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party and, thus relying, he must be led to act upon it; and (6) he must in fact act upon it in such a manner as to change his position for the worse. *Anderson v. Stokes*, 2007 MT 166, ¶ 27, 338 Mont. 118, 163 P.3d 1273. All the elements of estoppel must be proven by clear and convincing evidence. *Ducham v. Tuma*, 265 Mont. 436, 441, 877 P.2d 1002, 1006 (1994). Again, the record shows that element (2) is not proven because the County made a mistake and did not know that it had overpaid. Further, concerning element (4), the County did not have an expectation that Edwards would act upon its mistake. Also, Edwards' position is not

significantly changed for the worse as he is in a position to repay by the simple device of the offset ordered by the District Court. And, should he choose, he could file an amended tax return to secure a refund of any excess tax payment.

¶32 Relating to Edwards' claim of laches, that doctrine is a concept of equity which can apply when a person is negligent in asserting a right, and where there has been an unexplained delay of such duration or character as to render the enforcement of the asserted right inequitable. *Kelleher v. Board of Social Work Examiners*, 283 Mont. 188, 191, 939 P.2d 1003, 1005 (1997). In an action of an equitable nature, we review independently all questions of fact as well as questions of law. We uphold the district court's findings of fact if they are not clearly erroneous. Section 3-2-204(5), MCA; *See Matter of Estate of Murnion*, 212 Mont. 107, 111, 686 P.2d 893, 896 (1984). Considering the record, we conclude that the District Court did not err in refusing to apply the doctrine of laches to bar the County's claim for reimbursement.

¶33 Finally, Edwards claims that the County released its claim for refund of the $28,062.95. As noted by Edwards in his brief on appeal, release is the abandonment of a claim. *Benson v. Diverse Computer Corp.*, 2004 MT 114, ¶ 27, 321 Mont. 140, 89 P.3d 981; *Sperry v. Mont. State Univ.*, 239 Mont. 25, 30, 778 P.2d 895, 898 (1989). To be enforceable, a release must at a minimum be unambiguous, explicit, and unequivocal. *Sperry*, 239 Mont. at 30, 778 P.2d at 898. The County, through its lawyer, made a mistake in replying to Best's letter asking what the $28,062.95 payment was for. This

letter does not contain an unequivocal release of a claim to recover an overpayment the County mistakenly made.

¶34 The District Court did not err in ordering that the County recover the $28,062.95 it overpaid by offsetting it against the amount of attorney fees it owes Edwards.

¶35 *Issue 3: Did the District Court err by not awarding interest?*

¶36 Edwards claims that the District Court erred in not awarding interest on the amount of the attorney fee award citing *Barrow v. Falck*, 11 F.3d 729 (7th Cir., 1993). In *Barrow*, the United States 7th Circuit Court of Appeals, in deciding an action brought under 42 USC § 1983, without citation of authority stated that interest was a part of full compensation to be added to an award of attorney fees. *Barrow*, 11 F.3d at 732. In this case, Edwards is awarded his attorney fees as a part of a Montana civil action brought to enforce an order of the Montana Human Rights Commission. Attorney fees are awarded under § 49-2-505(8), MCA (2007).[1] Montana law applies to Edwards' claim for interest on the award of attorney fees.

¶37 The judgment of the District Court in this case is what established Edwards' right to attorney fees. Section 27-1-211, MCA, allows pre-judgment interest under some circumstances. There are three prerequisites to recovery under this statute. First, an underlying monetary obligation must exist. Second, the amount of recovery must be capable of being made certain. Third, the right to recover must vest on a particular day.

---

[1] When this action was filed, the applicable law was § 49-2-505(7), MCA (2005). The 2007 legislature did not alter the manner in which a judgment for attorney fees in a human rights action is obtained.

*Montana Petroleum Tank Release Compensation Bd. v. Crumley's, Inc.*, 2008 MT 2, ¶ 99, 341 Mont. 33, 174 P.3d 948; *LHC, Inc. v. Alvarez*, 2007 MT 123, ¶ 29, 337 Mont. 294, 160 P.3d 502. In this case no underlying monetary obligation existed prior to judgment being entered in the District Court and the amount due was only made certain on the date of that judgment. Pre-judgment interest is not available to Edwards.

¶38 The District Court entered judgment for Edwards in the amount of $61,241.47 on January 15, 2008. The judgment is to be modified on remand to increase it. To the extent that a discreet and identifiable portion of the original judgment is upheld on appeal, in this case $61,241.47, that amount shall bear interest from the date the original judgment was entered in the District Court. The amount of the increase shall bear interest from the date the new judgment is entered on remand. *Woods v. Burlington Northern and Santa Fe Ry. Co.*, 2004 MT 384, ¶¶ 8-9, 325 Mont. 106, 104 P.3d 1045.

¶39 Edwards claims attorney fees incurred in prosecuting this appeal. We determine that Edwards is the prevailing party on appeal. As the prevailing party in the underlying civil rights action, he is entitled to reimbursement of fees reasonably incurred on appeal. *Laudert*, ¶ 30. Accordingly, we hold that Edwards is entitled to costs and reasonable attorney fees incurred on appeal, which shall be determined by the District Court on remand.

## CONCLUSION

¶40 That portion of the judgment of the District Court deducting a net 74 hours of attorney time from Edwards' claim for attorney fees is reversed. The remainder of the

14

judgment is affirmed. This case is remanded to the District Court for entry of a new judgment in conformity with this Opinion.


/S/ JOHN WARNER


We Concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE