

DA 11-0178

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 311N

MICHAEL CARLSTROM,

        Plaintiff and Appellant,

  v.

TITLE CASH OF MONTANA, INC.,
and EZ TITLE PAWN, INC.,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. CDV 09-416(a)
                     Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Steven T. Potts, Steven T. Potts, PLLC, Great Falls, Montana

        For Appellees:

                Jean E. Faure, Faure Holden Attorneys at Law, P.C., Great Falls, Montana

                                Submitted on Briefs:  November 9, 2011

                                       Decided:  December 13, 2011

Filed:

                _____
                             Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Michael Carlstrom ("Carlstrom") appeals from two orders of the Eighth Judicial District Court, Cascade County; one setting aside the entry of default against Title Cash of Montana, and the other granting Title Cash of Montana's and EZ Title Pawn's motion to compel arbitration. We affirm.

¶3      Carlstrom was hired by Title Cash of Montana, a Montana corporation, after negotiating and signing a non-competition agreement and signing an arbitration agreement. On July 10, 2008, after Carlstrom was hired, EZ Title Pawn, a Georgia corporation, acquired Title Cash of Montana, and Title Cash of Montana dissolved effective March 16, 2009. Carlstrom was fired by EZ Title Pawn on September 19, 2008.

¶4      On March 30, 2009, Carlstrom filed a wrongful discharge action against both Title Cash of Montana and EZ Title Pawn (collectively "EZ"). Both were served on April 14, 2009. EZ Title Pawn removed the case to federal court, and filed an answer in that forum. EZ Title Pawn's answer included, as its first affirmative defense, a request to arbitrate. Ultimately, the federal court remanded the case to state court for lack of diversity, finding that although Title Cash of Montana was a dissolved corporation, it could still be sued under Montana law.

2

¶5 Upon remand, Carlstrom moved for entry of default against Title Cash of Montana, pursuant to M. R. Civ. P. 55, for failure to plead or otherwise defend. Default was entered by the Clerk of Court the same day, June 1, 2009. Title Cash filed its answer and a motion to set aside the entry of default on June 3, 2009. The District Court granted Title Cash of Montana's motion on June 12, 2009.

¶6 On August 17, 2009, EZ filed a motion to compel arbitration pursuant to the parties' arbitration agreement. After a hearing, the District Court granted EZ's motion, finding EZ timely requested arbitration under the terms of the arbitration agreement by requesting arbitration in its answer; that EZ did not waive its right to seek arbitration by removing the action to federal court; and finally, that the arbitration agreement was not a contract of adhesion, was within the reasonable expectations of each party, and was not unconscionable. Carlstrom timely appealed.

¶7 We review an order granting a motion to set aside an entry of default under M. R. Civ. P. 55 for a manifest abuse of discretion. *Siewing v. Pearson Co.*, 226 Mont. 458, 461, 736 P.2d 120, 122 (1987); *Engelsberger v. Lake County*, 2007 MT 211, ¶ 8, 339 Mont. 22, 167 P.3d 902. We review an order granting a motion to compel arbitration de novo. *Woodruff v. Bretz, Inc.*, 2009 MT 329, ¶ 5, 353 Mont. 6, 218 P.3d 486.

### Motion to Set Aside Default

¶8 When considering a motion to set aside entry of default, courts are guided by these general principles: every case should be decided on its merits and judgments by default are not favored. *Engelsberger*, ¶ 8.

¶9 Rule 55(c) of the Montana Rules of Civil Procedure provides:

3

For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). No default of any party shall be entered, and no default judgment shall be entered against any party, except upon application of the opposing party. Any stipulation for extension of time between the parties or their counsel, whether in writing or made verbally before the court, shall be effective to extend the time for serving and/or filing any appearance, motion, pleading or proceeding, according to the terms of such stipulation. In any case if a party in default shall serve and file an appearance, motion, pleading or proceeding prior to application to the clerk for default, then such defaulting party shall not thereafter be considered in default as to that particular appearance, motion, pleading, or proceeding.

¶10 When default is entered, but no judgment has been entered on the default, the standard announced in *Cribb v. Matlock Communications, Inc.*, 236 Mont. 27, 768 P.2d 337 (1989), applies. *Cribb* discussed the following factors to consider upon a motion to set aside entry of default under M. R. Civ. P. 55(c): (1) whether the default was willful; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. *Cribb*, 236 Mont. at 30, 768 P.2d at 339. The standard for setting aside entry of default is more flexible than the "excusable neglect" standard of M. R. Civ. P. 60 for setting aside a default judgment. *Engelsberger*, ¶ 16.

¶11 This issue is one of judicial discretion and there clearly was not an abuse of discretion. Given the procedural posture of the case, and Title Cash of Montana's immediate motion to set aside the entry of default, we conclude it was not a manifest abuse of discretion to grant Title Cash of Montana's motion to set aside the entry of default.

**Motion to Compel Arbitration**

4

¶12 Carlstrom argues that EZ failed to file its motion to compel arbitration within 90 days, as required by the arbitration agreement.

¶13 The arbitration agreement between the parties states, in relevant part:

[Y]ou further agree that, in the event that either party seeks relief in an agency or court of competent jurisdiction for a dispute covered by this Agreement, the other party (either you or the Company, as the case may be) may, at any time within 90 days of the service of the charge or complaint, at the responding party's sole option, require all or part of the dispute to be arbitrated by an arbitrator.

¶14 Section 27-5-321, MCA, which governs applications to the district court to compel arbitration, provides:

Except as otherwise provided, an application to the court under this chapter must be by motion and must be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions. Unless the parties have agreed otherwise, notice of an initial application for an order must be served in the manner provided by law for the service of a summons in an action.

¶15 This issue is legal and is controlled by settled Montana law, which the District Court correctly interpreted. The arbitration agreement does not require a motion to be filed to "require" arbitration, as Carlstrom asserts. Carlstrom was on notice that EZ would "require" arbitration on May 8, 2009 (the date EZ Title Pawn filed its answer in U.S. District Court), well within the 90 days contemplated by the arbitration agreement. EZ's motion was timely filed after remand from the U.S. District Court, and after the District Court granted its motion to set aside the entry of default.

¶16 Next, Carlstrom argues that EZ waived its right to arbitrate by removing the case to federal court and conducting some discovery.

5

¶17 Carlstrom bears a heavy burden to prove waiver. *Downey v. Christensen*, 251 Mont. 386, 389, 825 P.2d 557, 559 (1992); *Holm-Sutherland Co. v. Town of Shelby*, 1999 MT 150, ¶ 19, 295 Mont. 65, 982 P.2d 1053. The party asserting waiver must demonstrate: (1) knowledge of the existing right to compel arbitration; (2) acts inconsistent with the right to arbitrate the dispute; and (3) prejudice to the party resisting arbitration. *Holm-Sutherland*, ¶ 20.

¶18 Having reviewed the briefs and the record on appeal, we conclude that Carlstrom has not met his burden on appeal. Carlstrom has cited no Montana authority supporting his argument and has ignored controlling Montana law stating that including the right to arbitrate as an affirmative defense, coupled with subsequent actions consistent with the right to arbitrate, "defeats a claim of waiver." *Downey*, 251 Mont. at 390, 825 P.2d at 559-60; *Holm-Sutherland*, ¶¶ 26, 31; *Stewart v. Covill & Basham Construction, LLC*, 2003 MT 220, ¶ 13, 317 Mont. 153, 75 P.3d 1276.

¶19 Finally, Carlstrom argues that the arbitration agreement is unenforceable because EZ did not sign it. Carlstrom does not address the District Court's substantive findings regarding the arbitration agreement – that it was not a contract of adhesion, was within the reasonable expectations of each party, and was not unconscionable.

¶20 After reviewing the briefs and the record on appeal, we again conclude that Carlstrom has not met his burden on appeal. The arbitration agreement clearly states that "once signed" by Carlstrom, the "Agreement will be binding upon [Carlstrom] and the Company for the duration of [Carlstrom's] employment with the Company and thereafter." Carlstrom has not shown, nor has he attempted to show, that EZ is not within the definition of "the Company"

6

as defined in the arbitration agreement.

¶21  We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶22  Affirmed.

/S/ MICHAEL E WHEAT

WoWe Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS