No. 00-095

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 154

300 Mont. 136

3 P. 3d 124

CALVIN K. GREENUP,

Plaintiff and Appellant,

v.

ROBERT RUSSELL and PEGGY RUSSELL,

Defendants and Respondents.

APPEAL FROM: District Court of the Twenty-first Judicial District,

In and for the County of Ravalli,

Honorable Jeffrey H. Langton, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Calvin K. Greenup, Pro Se, Darby, Montana

For Respondent:

Richard A. Reep, Reep, Spoon & Gordon, Missoula, Montana

Submitted on Briefs: May 25, 2000

Decided: June 13, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 The Twenty-first Judicial District Court, Ravalli County, granted the motion of Robert and Peggy Russell to dismiss this action pursuant to the doctrine of *res judicata* and denied Calvin Greenup's motion to set aside a default judgment entered against him in a previous action. Greenup appeals. We affirm.

¶2 We restate the issues as:

¶3 1. Did the District Court err in refusing to set aside Greenup's default?

¶4 2. Did the court err in dismissing Greenup's complaint pursuant to the doctrine of *res judicata*?

¶5 3. Are the Russells entitled to their attorney fees on appeal under Rule 32, M.R.App.P.?

¶6 In 1996, under pressure of bank foreclosure, Calvin K. Greenup and his wife Lynda L. Greenup conveyed certain Ravalli County, Montana, real property to Robert and Peggy Russell. Approximately one year later, the Russells filed an action in the District Court seeking a determination that the Greenups had no interest in the property, damages for loss of use, and attorney fees. The Russells obtained a default judgment on their complaint in July 1997, and thereafter took possession of the property.

¶7 In February 1999, Calvin Greenup filed this action seeking damages for breach of an alleged contract whereby the Greenups had retained ownership of the property involved in the earlier lawsuit. In his complaint, Greenup asked the court to set aside his and Lynda's 1996 conveyance to the Russells for lack of consideration.

¶8 The Russells moved to dismiss, or, in the alternative, for summary judgment. In response, Greenup filed a document entitled in part "Motion to Set Aside Default." The

District Court issued an order granting the motion to dismiss on the basis of *res judicata* and denying the motion to set aside default judgment.

## Issue 1

¶9 Did the District Court err in refusing to set aside Greenup's default?

¶10 Greenup's motion to set aside the default judgment from the earlier action cites Rules 55(c) and 60(b), M.R.Civ.P., as authority. Greenup asserts that his failure to appear in the earlier lawsuit was the result of excusable neglect and that it is not equitable that he has been deprived of the equity he had in the real property. He states that he attempted to appear in the previous lawsuit brought against him by the Russells, but that the documents he attempted to file were rejected by the clerk of court.

¶11 Rule 55(c), M.R.Civ.P., applies to the setting aside of a default entered by a clerk, and provides that a default judgment entered by a clerk may be set aside in accordance with Rule 60(b). A default entered by a clerk is not the same as a default judgment, and, at any rate, the default judgment which Greenup seeks to have set aside was entered by the Court, not the clerk. Therefore, Rule 55(c) does not aid Greenup's position.

¶12 Rule 60(b), M.R.Civ.P., allows a court to set aside a judgment for excusable neglect. Where the defendant has been personally served (Greenup does not deny that he was personally served in the previous action), a motion to set aside a judgment under Rule 60(b) must be filed "not more than 60 days after the judgment." Greenup's motion brought in a separate action more than a year and a half after entry of the judgment hardly meets this requirement.

¶13 Greenup argues, however, that as a pro se litigant he should be accorded extra latitude. He has attached to his brief copies of two memos which he apparently received from the clerk of court, explaining what he needed to do before the "Refusal for Fraud" document which he was attempting to file as his answer in the earlier action could be accepted for filing. He argues on appeal that he was unable to pay the filing fee. However, there is nothing to indicate that he offered that excuse to the clerk of court when he attempted to file his document. Moreover, Greenup offers no excuse for waiting more than a year and a half to even raise the issue of improper default.

¶14 In refusing to set aside the default judgment, the District Court took judicial notice of

the history of this litigation. In rejecting Greenup's equitable arguments for setting aside the default judgment, the court stated that Greenup did not proceed with diligence when he ignored the personal service of the Russells' complaint upon him, when he ignored personal service of the Russells' notice of intent to enter default and default judgment, or when he ignored service of the court's entry of judgment and writ of assistance. The court found that "Greenup's complete disregard for the proceedings being brought against him in that matter precludes this Court from finding that he acted diligently in setting aside the default entered against him on July 2, 1997, and thus bars this Court from setting aside the default judgment entered against Greenup pursuant to the provisions of Rule 60(b)(6), M. R.Civ.P."

¶15 While pro se litigants may be given a certain amount of latitude, that latitude cannot be so wide as to prejudice the other party, and it is reasonable to expect all litigants, including those acting pro se, to adhere to procedural rules. *First Bank (N.A.)--Billings v. Heidema* (1986), 219 Mont. 373, 376, 711 P.2d 1384, 1386. We conclude that Greenup's motion to set aside the default judgment against him is fatally tardy. We hold that the District Court did not err in denying Greenup's motion to set aside the default judgment against him.

Issue 2

¶16 Did the court err in dismissing Greenup's complaint pursuant to the doctrine of *res judicata*?

¶17 The determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law. This Court's standard of review of a ruling dismissing a complaint for failure to state a claim is whether the court's interpretation of the law was correct. *Hollister v. Forsythe* (1996), 277 Mont. 23, 26-27, 918 P.2d 665, 667.

¶18 *Res judicata* exists when

> the parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues.

*Hollister, 277 Mont. at 27, 918 P.2d at 667. The doctrine of res judicata bars not only issues previously litigated, but also issues which could have been litigated in the prior proceeding. Hollister, 277 Mont. at 27, 918 P.2d at 667.*

¶19 In this appeal, Greenup's argument on this issue is based on his contention that the default judgment entered against him was unjust. We have considered that question above.

¶20 The issues raised by Greenup in this case relate to ownership and interest held in a particular piece of real estate. The description of the real estate at issue in this action is identical in every respect to the description of the real estate at issue in the previous action. The precise issues, parties, capacities, and subject matter were previously litigated. The judgment in the previous action adjudicates all issues concerning right, title, and interest in the property which is the subject of this appeal.

¶21 We hold that the District Court did not err in dismissing Greenup's complaint pursuant to the doctrine of *res judicata*.

Issue 3

¶22 Are the Russells entitled to their attorney fees on appeal under Rule 32, M.R.App.P.?

¶23 Rule 32, M.R.App.P., provides:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

¶24 As a general rule, this Court will not impose sanctions under Rule 32, M.R.App.P., unless the appeal is entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system. *See In re Marriage of Moss*, 1999 MT 62, ¶ 41, 293 Mont. 500, ¶ 41, 977 P.2d 322, ¶ 41. In this case, transfer of possession of the real property at issue apparently has long since been accomplished. Additionally, although Greenup's arguments are legally unsound, we see no indication that he brought them in bad faith. Under these circumstances, the Russells' request for an award of their attorney fees on appeal is denied.

¶25 The judgment of the District Court is affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER