DA 13-0477

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 176N

IN RE THE MARRIAGE OF:

GARY JAMES GOLIE,

      Petitioner and Appellee,

  v.

KRISTIN AMBER GOLIE,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DR-11-31
Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Ryan C. Willmore, Eric D. Mills; Browning, Kaleczyc, Berry & Hoven, P.C.; Great Falls, Montana

        For Appellee:

            Gary James Golie, self-represented; Havre, Montana

Submitted on Briefs:  June 18, 2014
Decided:  July 8, 2014

Filed:

_____
                         Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kristin Golie appeals the findings of fact, conclusions of law and decree of dissolution and the final parenting plan entered by the Montana Twelfth Judicial District Court. The sole issue raised on appeal is whether the District Court violated Kristin's due process rights by limiting her presentation of evidence. We affirm.

¶3      Gary Golie filed a petition for dissolution of marriage on March 16, 2011. Both parents sought primary custody of their minor child. Following a scheduling conference attended by both parties, the District Court issued an order setting a non-jury trial. The order stated that the trial was expected to last no more than one day. Trial was held on January 18 and 24, 2013. Kristin represented herself during the proceedings.

¶4      Toward the end of the first day of trial, Kristin advised the court that she did not feel that the time allotted gave her "a fair part of the trial." In response to her concerns, the District Court cautioned her that the court had been advised that the trial would take one day and that she had used considerable time cross-examining Gary. The court

ultimately agreed, however, to provide two additional hours for her case, and scheduled time the following week.

¶5 On the second day of the non-jury trial, the proceedings began at approximately 2:00 in the afternoon and concluded at approximately 5:00 p.m. After Kristin presented her own testimony, the court asked if she wished to call any other witnesses. Kristin responded, "I do want to do the phone conference with Kayla Manriquez, but I didn't know if we would have enough time. I mean, honestly, Your Honor, a lot of the stuff that she is going to reiterate is the stuff that I had already previously testified to." The court responded that it did not want repetitive testimony and then allowed Gary's counsel to present a rebuttal witness. Later, as the trial concluded, the court asked, "Is that it?" Kristin stated, "I think that's it, Your Honor, thank you." In total, Kristin presented only two witnesses, herself and one expert witness, despite identifying three experts and seven lay witnesses prior to the trial. Gary did not call all of his intended witnesses either, due in part to the time Kristin spent cross-examining him on the first day of trial.

¶6 Kristin now argues that the District Court did not allow her to present testimony from any of her lay witnesses in violation of her right to due process. Whether a district court violated a party's right to due process is a question of law for which our review is plenary. *In re T.S.B.*, 2008 MT 23, ¶ 20, 341 Mont. 204, 177 P.3d 429. Matters of trial administration are reviewed for an abuse of discretion. *Fink v. Williams*, 2012 MT 304, ¶ 20, 367 Mont. 431, 291 P.3d 1140.

¶7 Due process considerations arise from a natural parent's fundamental liberty interest in the care, custody, and management of her child. *In re D.B.J.*, 2012 MT 220, ¶ 28, 366 Mont. 320, 286 P.3d 1201. Nonetheless, the District Court has broad discretion in determining issues relating to trial administration. *Fink*, ¶ 18. It is the court's responsibility to establish a "reasonable time limit on the time allowed to present evidence." M. R. Civ. P. 16(c)(2)(O). In *Fink*, the trial court notified the parties of the time allotted for trial in the pretrial order. *Fink*, ¶ 18. On appeal, one party complained that she was unable to present testimony from all of her intended witnesses due to a lack of time. *Fink*, ¶ 17. Disclosing potential witnesses, however, does not entitle a party to call them at trial. We held that the court dedicated a sufficient amount of time for trial, that the party failed to schedule time for critical testimony, and that the party's use of time at trial was a strategic choice that could not be used to put the court in error. *Fink*, ¶ 18.

¶8 The District Court afforded Kristin a meaningful opportunity to be heard sufficient to satisfy due process. Kristin participated in the scheduling conference, at which time the trial was set for one day. The court did not prevent Kristin from presenting her witnesses; she did not attempt to present them during the time allotted and utilized her time in other ways. While she claims that she was not given enough time to present her case-in-chief, the hearing transcripts reveal that she spent much of the time set aside by the District Court cross-examining Gary. The one lay witness mentioned by Kristin at

4

trial did not testify because Kristin advised the court that the testimony would be largely repetitive. Kristin did not request to call any other witnesses or advise the court that they were present and ready to testify.

¶9 The District Court cannot be found in error for Kristin's strategic choices regarding her use of time at trial. Pro se litigants generally should be given reasonable latitude and flexibility in presenting their cases. *See Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124. The record reveals, however, that Kristin was given considerable latitude in the proceedings. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not abuse its discretion in its conduct of the trial and Kristin's due process rights were not violated. Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA