FILED

August 18 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0094

DA 15-0094

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 245

IN THE MATTER OF THE ESTATE OF:

HOWARD H. MILLS,

     Deceased.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fifth Judicial District,<br>In and For the County of Madison, Cause No. DP-29-14-19<br>Honorable Loren Tucker, Presiding Judge |

COUNSEL OF RECORD:

     For Appellant:

     David M. Mills (Self-Represented), Newburgh, New York

     For Appellee:

     John Warren, Davis, Warren & Hritsco, Dillon, Montana

Submitted on Briefs: July 1, 2015

Decided: August 18, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    David Mills appeals from an order of the Fifth Judicial District, Madison County, denying his motion to set aside the default entered against him. We reverse, and address the following issue:

¶2    *Whether the District Court abused its discretion when it denied David's motion to set aside his default.*

## BACKGROUND

¶3    Howard H. Mills (hereinafter "Decedent") died on June 21, 2014. He had three sons: Howard W., John, and David. On August 21, 2014, Howard W. (hereinafter "Howard"), petitioned for formal probate of Decedent's will, determination of heirs, and appointment of a personal representative. The District Court scheduled a hearing for September 22, 2014. On August 28, 2014, Howard sent notices of the hearing to all interested parties, including his brothers, and filed proof of mailing the notices the same day. The notice informed the parties that a hearing on the petition would be held in Virginia City, Madison County, on September 22, 2014, "at which time all interested persons may appear and object."

¶4    On September 8, 2014, David Mills filed a detailed letter in response to the petition. The District Court asserts that the letter was never served on Howard or his counsel; however, the record contains a copy of the certified mail receipt to Howard's counsel. On September 22, 2014, the District Court held a hearing, at which Howard appeared with his attorney and John and David appeared telephonically. John and David, who reside out of state, were both unrepresented and David continues in that capacity in

2

this appeal. The District Court informed the parties of the procedure for filing objections and ordered that any objections be filed within 14 days, by October 6, 2014.

¶5 The original minute entry from the September 22, 2014 hearing erroneously stated that "Howard H. Mills," the Decedent, appeared in court. The District Court clerk entered an amended minute entry on October 6, 2014, that correctly stated that Howard W. Mills, not Howard H. Mills, was present in the courtroom. Additionally, the original minute entry did not refer to the 14-day extension. That omission was also added to the amended minute entry.

¶6 Neither John nor David filed an objection by the District Court's deadline of October 6, 2014. On October 15, 2014, Howard moved the District Court, pursuant to M. R. Civ. P. 55, for entry of default against John and David for failure to object to the petition. The District Court set a hearing on the motion for November 10, 2014, and notified the parties.

¶7 Prior to the hearing, and before an actual default was entered, David and John each filed motions to set aside the default. On October 20, David filed a document objecting to the default, arguing that the original minute entry did not include the 14-day time limit and the amended version arrived after the time for objecting had passed. On November 7, 2014, David filed a supplementary motion to set aside the entry of default, asserting that the petition violated the Montana Uniform District Court Rules for failure to have a cause number listed on the petition.

¶8 The District Court held a hearing on November 10, 2014. Although they were given notice, neither John nor David was present at the hearing. After the hearing, the

3

court issued an "order on procedure," restating the events of the case. The District Court noted that neither John nor David filed anything within the allotted time, despite the additional 14 days granted after the brothers failed to file objections by the September 22, 2014 hearing. The District Court also observed that the "personal representative [Howard] moved for relief by default" when John and David failed to file objections, and that John and David filed separate motions to set aside the default.[1] Additionally, the court noted that while pro se litigants are afforded "some latitude in connection with technical rules . . . their lack of information or knowledge may not interfere to prejudice the opposing party." The District Court then ordered the personal representative to respond to the respective motions to set aside the default.

¶9 On December 1, 2014, after the parties briefed the issue, the District Court issued an order denying John and David's requests to set aside the defaults. The District Court first addressed the brothers' arguments pertaining to the minute entry, noting that a minute entry has no authority and is "merely an observer's synopsis of court proceedings." The District Court reiterated that it had specifically, and in particular detail, explained the importance of the deadline to each objector during the hearing and that any omissions from the minute entry did not excuse John and David's failure to object. Additionally, the District Court rejected the cause number argument, finding it "wholly unpersuasive" given that all parties referenced the number in various pleadings.

---

[1] Although there is no actual docket entry for the entry of default, both the parties and the District Court proceeded as though a default was entered against John and David.

¶10 Finally, the District Court considered whether there was good cause to set aside the default, noting the three factors pertinent to this analysis: willfulness, prejudice, and meritorious defense. Using this framework, the court concluded that the motions to set aside the default should be denied. The District Court found that John and David did not respond to the petition, neglected to appear at the hearing, failed to respond when provided an extension, and offered only "frivolous and irrelevant" explanations for their shortcomings. The District Court further held that Howard was prejudiced "by being required to appear in Court for two separate hearings" and to respond to "specious and frivolous objections." Lastly, the Court noted that neither John nor David had offered any meritorious defenses to the petition.

¶11 After denying the motions to set aside the default, the District Court scheduled a hearing on the petition for December 29, 2014, and then rescheduled it for January 12, 2015. Neither brother appeared. At that time, the District Court appointed Howard as personal representative and admitted the will to formal probate. David appeals from the District Court's order admitting the will to probate and the court's denial of his motion to set aside the entry of default.

**STANDARD OF REVIEW**

¶12 This Court generally disfavors default judgments because of our policy that cases should be tried on the merits. *Engelsberger v. Lake Cnty.*, 2007 MT 211, ¶ 8, 339 Mont. 22, 167 P.3d 902. The party seeking to set aside the judgment bears the burden of proof. *Engelsberger*, ¶ 8. We review a court's decision to deny a motion to set aside a default judgment for only a slight abuse of discretion. *Engelsberger*, ¶ 8. A district court's

5

discretion to set aside an entry of default should be liberally exercised to facilitate a trial on the merits. *McClurg v. Flathead Cnty. Comm'rs*, 188 Mont. 20, 23, 610 P.2d 1153, 1155 (1980).

## DISCUSSION

¶13     *Issue: Whether the District Court abused its discretion when it denied David's motion to set aside his default.*

¶14     Title 72, Chapter 3 of the Montana Code Annotated governs the probate and administration of estates. A formal probate, as was initiated by Howard in this case, is commenced by petitioning the court. Section 72-3-301, MCA. After a petition is filed, the district court schedules a hearing on the petition and the petitioner must give notice of the hearing to certain interested persons. Section 72-3-305(1), (2), MCA. Any party who opposes the probate of the will must state his objections to the probate in the pleadings. Section 72-3-308, MCA. If no objections are filed, the court may enter judgment based on the strength of the pleadings. Section 72-3-307, MCA. If the will is contested, the proponent of the will must show that the will was duly executed. Section 72-3-310, MCA. The party contesting the will has the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or revocation. Section 72-3-310, MCA.

¶15     If the court finds that the will is valid and unrevoked, the court must issue an order for the formal probate of the will. Section 72-3-313(1), MCA. The order "is final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of

6

whether the decedent left a valid will and to the determination of heirs." Section 72-3-317, MCA. However, the order is appealable and may be modified or vacated for good cause shown. Sections 72-3-317 and -318, MCA.

¶16 As noted, Howard asked the District Court to enter a default. The court and parties construed David's failure to object to the petition as a default and proceeded under M. R. Civ. P. 55, applying a three-factor analysis for assessing good cause.

¶17 On appeal, David asks this Court to reverse the District Court's denial of his motion to set aside his default. A court may set aside an entry of default for good cause. M. R. Civ. P. 55(c); *Engelsberger*, ¶ 12. Whether "good cause" exists is an equitable determination, evaluated by the consideration of three factors:

> (1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim.

*Engelsberger*, ¶ 12; *Essex Ins. Co. v. Jaycie, Inc.*, 2004 MT 278, ¶ 10, 323 Mont. 231, 99 P.3d 651. The court should weigh all three factors before making the decision to set aside a default. *Engelsberger*, ¶ 17. The court must balance the defendant's interest in obtaining a decision on the merits against the public and the court's interest in the orderly and timely administration of justice. *Engelsberger*, ¶ 12.

¶18 On appeal, David presents several arguments for setting aside his default. After reviewing the letter David submitted on September 8, 2014, it is difficult to conclude that the "default" was willful or that he failed to raise a meritorious defense. As noted, the record contains a copy of the certified mail receipt to Howard's counsel. While not in conventional pleading form, David's letter fully explains that their father had a prior will

and his objections and concerns about the new will and the appointment of Howard as executor.

¶19 David has from the commencement of these proceedings challenged Howard's appointment as executor and his father's soundness of mind at the time the new will was executed. David has complained that the former wills of his father from 2012 and 2013 were mysteriously lost by his father's attorney, thus prompting the execution of a new and revised will less than seven weeks before his failing father passed away. David's earnest desire to contest the will is simply inconsistent with a finding that he willfully chose to ignore the very procedures that would move his dispute toward resolution.

¶20 Contestants of a will are entitled by statute and required by case law to raise issues of lack of testamentary capacity and/or undue influence in a probate proceeding. Section 72-3-310, MCA; *In re Estate of Mead*, 2014 MT 264, ¶ 27, 376 Mont. 386, 336 P.3d 362 ("[t]he party contesting a will bears the burden of establishing undue influence"); *In re Estate of Lightfield*, 2009 MT 244, ¶ 28, 351 Mont. 426, 213 P.3d 468 ("[c]ontestants of a will have the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or revocation"). David's September 8 letter reflects an evident intent to contest the will on grounds of lack of testamentary capacity. Whatever the actual merits of David's argument, he clearly raised a meritorious defense.

¶21 In sum, we conclude that because two of the three *Engelsberger* "good cause" factors were satisfied by David, the District Court did slightly abuse its discretion by determining that David failed to establish good cause for not filing timely and potentially meritorious objections to the initiation of the formal probate proceedings.

¶22    Reversed and remanded for further proceedings consistent with this Opinion.


                                        /S/ MIKE McGRATH


We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE


Justice Jim Rice, concurring.

¶23    I concur with the Court's determination to reverse and set aside the default entered against David, as it is necessary under this Court's precedent. Recently, we reversed and set aside the default and default judgment entered in *Hall v. Hall*, 2015 MT 226, ___ Mont. ___, ___ P.3d ___, a case that offers abundant hope for David and other parties who fail to properly plead and participate in litigation.

¶24    In *Hall v. Hall*, Donald Hall was served with a summons and complaint and sent letters in response, which the District Court held were insufficient to constitute a pleading, and ordered Hall to file an answer. *Hall*, ¶¶ 4, 32. Hall failed to do so, and three months later, the plaintiff moved for entry of default. Hall was served with this motion but did not respond, and his default was entered. *Hall*, ¶¶ 4, 33. Litigation with the other parties continued and, over two and a half years later, Hall was served with plaintiff's motion for entry of default judgment against him. Hall did not respond and

9

default judgment was entered against him. *Hall*, ¶¶ 9, 38. He did not appeal from the judgment. Six months later, plaintiff initiated a writ of execution for seizure of Hall's property to satisfy the judgment, which prompted Hall to provide further correspondence that the District Court deemed to be a motion to set aside the default judgment, and denied. Hall did not appeal from this denial. *Hall*, ¶¶ 11, 39. Almost three years after that, Hall appealed from the District Court's denial of his motion for a hearing on exemptions from execution. *Hall*, ¶¶ 12, 40. At that point, over seven years after the default was entered, and over five years after the default judgment was entered, this Court deemed Hall's appeal to actually be an appeal from the judgment and granted him full relief from the entry of default and default judgment. *Hall*, ¶ 25.

¶25 The Court's extreme makeover of the halls of justice in that case undeniably compels relief here, both by *stare decisis* and by any measure of the equal application of the law. David's actions here are but a scratch in the paint compared to the total wreck Donald Hall made of the rules of civil and appellate procedure.


/S/ JIM RICE

10