FILED

February 16 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0397

DA 15-0397

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 39N

ZACHARY SHAFFER,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV 15-40
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Zachary Shaffer, Self-Represented, Shelby, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Alex Nixon, Carbon County Attorney, Red Lodge, Montana

Submitted on Briefs:  February 3, 2016

Decided:  February 16, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      In 2013, a jury convicted Zachary Shaffer of felony assault on a police officer. Shortly thereafter, and in a separate criminal action, Shaffer entered a nolo contendere plea to a charge of intimidation. Following sentencing in both cases, Shaffer appealed his judgments claiming, among other things, he received ineffective assistance of counsel (IAC). This Court affirmed the judgments in a non-cite opinion, *State v. Shaffer*, 2014 MT 340N, 377 Mont. 436, 348 P.3d 172, and determined that Shaffer's IAC claims could not be reviewed on direct appeal.

¶3      In April 2015, Shaffer filed a pro se Petition for Postconviction Relief (PCR) with the Twenty-Second Judicial District Court, Carbon County, claiming his trial and appellate counsel provided ineffective assistance and that he was maliciously prosecuted. In conclusory statements, he set forth several examples of counsels' failure to adequately represent him. He further indicated that he would develop facts supporting his allegations in an "amended petition." The District Court denied and dismissed Shaffer's petition finding that Shaffer failed to provide any substantive evidence in support of his conclusory allegations. The court further observed that while a petitioner is permitted one amendment of an original PCR petition, it is inappropriate to submit a deficient original petition in anticipation of submitting an amended one.

2

¶4    In October 2015, Shaffer filed a pro se brief on appeal to this Court. He argues that the District Court erred when it denied his petition without appointing counsel for him or providing him an evidentiary hearing. The State responds that Shaffer's PCR petition was properly denied as deficient and that Shaffer was not statutorily or constitutionally entitled to appointed counsel for his PCR proceeding. Moreover, the State asserts that Shaffer's petition before this Court seeking reversal of the District Court's ruling was deficient in its failure to comply with the Rules of Appellate Procedure.

¶5    Section 46-21-104, MCA, provides, in relevant part:

> (1)  The petition for postconviction relief must:
>
> . . .
>
> (c)  identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.

Shaffer's PCR petition before the District Court failed to satisfy this statutory requirement, justifying the District Court's dismissal and denial of the petition.

¶6    Furthermore, Shaffer failed to properly brief and argue his claims on appeal before this Court. M. R. App. P. 12(1)(g) requires parties to cite to relevant authorities and statutes in support of their arguments on appeal. Shaffer fails to cite to any statute, rule, or applicable case to support his claim that the District Court was required to appoint counsel or conduct an evidentiary hearing on his IAC claims. "We have repeatedly held that it is not this Court's obligation to conduct legal research on behalf of a party or to develop legal analysis that might support a party's position." *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7.

¶7      While self-represented litigants are given a certain amount of latitude in legal proceedings, we cannot allow such latitude to prejudice the opposing party. It is reasonable to expect all litigants to comply in most respects with the applicable procedural rules. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124. Here, Shaffer has failed to comply with these rules and has failed to demonstrate error on the part of the District Court.

¶8      For the foregoing reasons, we conclude the District Court's findings were not clearly erroneous nor were its conclusions of law incorrect. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, 88 P.3d 1285.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents questions clearly controlled by settled law.

¶10     Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE