FILED

10/11/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0790

DA 15-0790

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 259N

WALTER M. LARSON, JR.

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DV 15-078
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Walter M. Larson, Jr., Self-Represented, Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Brant S. Light, Assistant Attorneys General, Helena, Montana

          Olivia Norlin-Rieger, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  August 17, 2016

Decided:  October 11, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Walter M. Larson, Jr., appearing pro se, appeals from a December 2015 order of the Seventh Judicial District Court, Dawson County, denying his Petition for Post-Conviction Relief. We affirm.

¶3    In 2013, Larson was convicted of deliberate homicide and tampering with evidence. He appealed and we affirmed his convictions.[1] In October 2015, Larson filed a petition for post-conviction relief alleging he had received ineffective assistance of counsel during his original trial, supported by an affidavit from him restating the allegations contained in the petition. The District Court found that the petition, files, and records of the case conclusively established that the petitioner was not entitled to relief, and therefore dismissed the petition for failure to state a claim for relief in accordance with § 46-21-201(1)(a), MCA. On appeal, Larson argues the District Court erred by failing to hold an evidentiary hearing prior to dismissing his petition for post-conviction relief, and by failing to appoint counsel to assist him during the post-conviction proceeding.

---

[1] *State v. Larson*, 2015 MT 271, ¶¶ 1, 42, 381 Mont. 94, 356 P.3d 488.

¶4 "We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667. "We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Beach*, ¶ 14.

¶5 A district court may "dismiss a PCR petition without ordering a response if the petition and records conclusively show that the petitioner is not entitled to relief." *Marble v. State*, 2015 MT 242, ¶ 38, 380 Mont. 366, 355 P.3d 742 (internal quotations omitted). Further, a court may "dismiss a petition without holding a hearing if the petition fails to satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA." *Marble*, ¶ 38. A post-conviction petition must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. "Mere conclusory allegations are insufficient to support the petition." *Beach*, ¶ 16. This Court has consistently held that while a certain amount of latitude may be given to pro se litigants, it is nonetheless reasonable to expect such litigants to adhere to procedural rules. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124.

¶6 After reviewing the petition, affidavits, and record in this case, we determine that the District Court did not abuse its discretion in refusing to hold an evidentiary hearing and dismissing the petition for failure to state a claim upon which relief may be granted.

3

¶7 As noted, Petitioner argues that the District Court erred in not appointing counsel to assist him in the post-conviction proceeding. The right to counsel expires following the conclusion of a direct appeal. Section 46-8-103(1), MCA. A district court's assignment of counsel after the conclusion of a direct appeal is discretionary and governed by § 46-8-104, MCA. Further, § 46-21-201(2), MCA, dealing with proceedings on a post-conviction petition, provides that

> If the death sentence has not been imposed and a hearing is required or if the interests of justice require, the court shall order the office of state public defender, provided for in 47-1-201, to assign counsel for a petitioner who qualifies for the assignment of counsel under Title 46, chapter 8, part 1, and the Montana Public Defender Act, Title 47, chapter 1.

Because the District Court determined that a hearing was not required and that the petition failed to state a claim upon which relief could be granted, the District Court was not required to appoint counsel to assist the Petitioner.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents a question controlled by settled law.

¶9 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

4