FILED

01/17/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0685

DA 15-0685

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 10N

IN THE MATTER OF THE ESTATE OF:
LORETTA S. WATKIN, a/k/a RITA WATKIN,

      Deceased.

GRETA HERMAN, a/k/a JULIE HERMAN,

      Plaintiff and Appellant,

    v.

TERI LUPOLI and JANICE CHAMPLIN, Co-Personal Representatives
of the Estate of Loretta S. Watkin, a/k/a Rita Watkin, KEITH STANSELL,
RONALD STANSELL, LARRY STANSELL, MAXINE STANSELL,
KENNETH STANSELL, RICHARD STANSELL, ALBERT STANSELL,
CONNIE FOY and John and Jane Does 1-10,

      Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Broadwater, Cause No. DV-2014-47
                    Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Michael C. Doggett, Doggett Law Offices, PLLC, Helena, Montana

      For Appellees:

            Mark Lancaster, DarAnne Dunning, Dale Reagor,
            Luxan & Murfitt, PLLP, Helena, Montana

                         Submitted on Briefs:  December 7, 2016
                                    Decided:  January 17, 2017

Filed:



Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Loretta Stansell Watkin died on May 15, 2011, at age 99. She had no children but was survived by four nieces, including Teri Lupoli and Janice Champlin, and six nephews, all of whom were named as defendants in this action. She was also survived by step-daughter Greta Herman.

¶3 Watkin executed wills in 2007, 2008, 2009, and 2010. The 2007, 2008, and 2009 Wills named Ann Rauser as Watkin's personal representative. The 2007 Will provided that Herman was to receive $10,000 from the Estate, Champlin receive $6,000, and Lupoli receive $1,000. In the 2008 Will, Watkin provided that Herman receive 5% of the Estate and Lupoli and Champlin each were to receive 10% of Watkin's Estate. The 2009 Will provided that Herman, Lupoli and Champlin each receive 10% of the Estate, with the remainder of the Estate being equally distributed between her 10 surviving nieces and nephews, including Lupoli and Champlin. The 2010 Will, executed just eight months after the 2009 Will, indicated that Herman was to receive $2,000 and Lupoli and Champlin were both to receive 10% of Watkin's Estate as well as participate in

distribution of the Estate remainder. Lupoli and Champlin were also designated as co-personal representatives for Watkin. At Watkin's death, her Estate was valued at $355,152.76. With personal representative fees and distribution, Champlin and Lupoli each received approximately $64,500. Herman received $2,000.

¶4 Herman, acting pro se, filed a complaint on July 21, 2014, in the First Judicial District Court, Broadwater County, claiming that Watkin's 2010 Will was fraudulent and requesting that it be set aside and Watkin's 2009 Will be reinstated. She further asserted that Lupoli and Champlin acted fraudulently, maliciously, and in bad faith, and that they exercised undue influence over Watkin. Herman asked the District Court to remove Lupoli and Champlin as representatives, deny them payment for their services, and award Herman $33,515 (the amount Herman would have received under the 2009 Will) with interest as well as costs and fees.

¶5 In Lupoli and Champlin's answer to the Complaint, they asserted numerous defenses including that Herman's Complaint was barred by the applicable statute of limitations. They moved to dismiss Herman's action on statute of limitations grounds. In February 2015, the District Court converted the Motion to Dismiss to a Motion for Summary Judgment in accordance with the applicable court rule and on the ground that it was presented with and considered matters outside the pleadings. On May 6, 2015, the District Court granted Lupoli and Champlin's motion and dismissed Herman's Complaint. The court determined that Herman had not filed her Complaint within the

3

time prescribed by the applicable statute of limitations. The court further awarded attorney fees and costs to Lupoli and Champlin.

¶6 Herman filed a timely appeal. We affirm.

¶7 We review de novo a district court's grant or denial of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court. Under Rule 56(c), judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Grizzly Sec. Armored Express, Inc. v. Bancard Servs*., 2016 MT 287, ¶ 13, 385 Mont. 307, 384 P.3d 68 (citations omitted).

¶8 The issue of whether a district court properly applied the statute of limitations is a question of law. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Mont. Interventional & Diagnostic Radiology Specialists, PLLC v. St. Peter's Hosp*., 2015 MT 258, ¶ 12, 381 Mont. 25, 355 P.3d 777.

¶9 In her Complaint, Herman challenges the validity of Watkin's 2010 Will and seeks to have the 2009 Will reinstated based upon her belief that: (1) Watkin lacked the mental capacity to execute the 2010 Will and (2) that Lupoli and Champlin unduly influenced her to their advantage and to Herman's disadvantage.

4

¶10 Section 72-3-122, MCA, controls the time for commencing probate, testacy, and appointment proceedings as well as the time for contesting such proceedings. Section 72-3-122(1)(c), MCA, provides:

> (1) No informal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than 3 years after the decedent's death, except:
>
> .   .   .
>
> (c) a proceeding to contest an informally probated will and to secure appointment of the person with legal priority for appointment in the event the contest is successful may be commenced within the later of 12 months from the informal probate or 3 years from the decedent's death[.]

¶11 In the case before us, Watkin died on May 15, 2011. Lupoli and Champlin applied for informal probate of her 2010 Will on May 20, 2011. Herman was notified of their appointment as co-personal representatives on May 23, 2011. Herman received a $2,000 check representing her distributive share of Watkin's Estate in May 2012 and the Estate was closed on May 14, 2012. Herman filed her Complaint on July 21, 2014. Under § 72-3-122(1)(c), MCA, the time limit for filing a complaint contesting Watkin's informally probated will was either May 14, 2013 (12 months after informal probate), or May 15, 2014 (3 years after Watkin's death). Under either alternative, Herman's Complaint was not timely filed.

¶12 Herman argues on appeal that the District Court should have construed her claims to be claims for undue influence and breach of fiduciary duty; therefore, the court should have tolled the statute of limitations to allow her to present evidence of such. These

5

claims are raised for the first time on appeal. It is well-established that this Court will generally not address either an issue raised for the first time on appeal or a party's change in legal theory because to do so would be fundamentally unfair to the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. *Grizzly Sec. Armored Express*, ¶ 59. And while we afford pro se litigants some latitude in connection with the technical rules, we cannot allow their lack of information or knowledge to prejudice the opposing party. *In re Estate of Mills*, 2015 MT 245, ¶ 8, 380 Mont. 426, 354 P.3d 1271.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents questions clearly controlled by settled law and the District Court's interpretation and application of the law were correct.

¶14 We affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

6