FILED

10/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0521



IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0521

IN RE THE MARRIAGE OF:

ANDREA OKLAND,

        Petitioner and Appellant,

and

CHRISTOPHER OKLAND,

        Respondent and Appellee.

FILED

OCT 0 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellee Christopher Okland moves to dismiss this appeal because Appellant Andrea Okland filed her notice of appeal, through counsel, one day late. Andrea objects and asks the Court to allow her to present her appeal on the merits as a matter of equity.

At issue on appeal is the Twentieth Judicial District Court's August 10, 2022 order denying in part Andrea's motions under M. R. Civ. P. 52 and 59 to amend the court's findings of fact, conclusions of law, and decree of dissolution. Andrea acknowledges that the Montana Rules of Appellate Procedure required her to file a notice of appeal within thirty days of that order. M. R. App. P. 4(5)(a)(v). She asserts that she did not receive notice of the August 10 order until August 13 and filed her notice within thirty days of that date.

Appellate Rule 4(5)(a)(v) provides that the time for appeal runs "from the entry of the order granting or denying" a post-judgment motion under either M. R. Civ. P. 52(b) or 59. Andrea's notice was due Friday, September 9, 2022. The Clerk of this Court received and filed Andrea's Notice of Appeal on Monday, September 13, 2022, one business day after it was due.

This Court has emphasized "the importance of applying procedural bars regularly and consistently." *BNSF Ry. Co. v. Cringle*, 2012 MT 143, ¶ 21, 365 Mont. 304, 281 P.3d 203 (quoting *Weidow v. Uninsured Employers' Fund*, 2010 MT 292, ¶ 28, 359 Mont. 77, 246

P.3d 704). "Firm deadlines for launching an appeal 'advance the interests of the parties and the legal system in fair notice and finality.'" *Cringle*, ¶ 21 (quoting *Greenlaw v. U.S.*, 554 U.S. 237, 252, 128 S. Ct. 2559, 2569 (2008)). We held in *Cringle* that parties may be excused from noncompliance with a strict appeal filing deadline "only where the parties have acted with reasonable diligence to preserve their legal rights but have been prevented from doing so by circumstances reasonably beyond their control." *Cringle*, ¶ 22.

Andrea does not attempt to demonstrate circumstances reasonably beyond her control, admitting that she filed the appeal a day late. She argues, however, that the Court should hear her appeal on the merits to avoid a gross miscarriage of justice. As the dissolution of marriage is a matter of equity, Andrea urges the Court to not be "bound by slavish adherence to formality" and points out that the Court "is not obligated to prioritize form over substance."

This Court expects all litigants to abide by its rules of procedure. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124. The Court also, however, prefers to resolve disputes on their merits and considers prejudice to opposing parties when asked to strictly enforce a procedural deadline. *See In re Estate of Mills*, 2015 MT 245, ¶ 12, 380 Mont. 426, 354 P.3d 1271 (noting "our policy that cases should be tried on the merits"); *Greenup*, ¶ 15 (observing that the Court will not allow procedural noncompliance to prejudice opposing parties). The Court also has discretion under M. R. App. P. 4(6) to permit out-of-time appeals "under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

Here, although Andrea does not substantiate a case for extraordinary circumstances, we conclude that her one-day tardiness in filing the notice of appeal will not cause prejudice to Christopher. Particularly where the division of a marital estate is at issue, the law evinces a policy to achieve an equitable distribution between the parties. *See* § 40-4-202(1), MCA. We conclude that the appeal should be allowed to proceed.

IT IS THEREFORE ORDERED that the motion to dismiss is DENIED.

DATED this ____ day of October, 2022.

2

_____

_____

_____

_____

_____

Justices