NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS CONLAN, | No. 21-35517 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-00094-JTJ |
| v. | |
| COSTCO WHOLESALE CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Argued and Submitted August 9, 2022
Seattle, Washington

Before: CHRISTEN, LEE, and FORREST, Circuit Judges.

Nicholas Conlan sued his former employer, Costco, for failing to accommodate his alleged disability by not allowing him to bring his dog, Teddy, to Costco's warehouse and for discriminating and retaliating against him.[1] He appeals (1) the district court's order granting in part Costco's motion in limine, which

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] The parties dispute whether Teddy is a service dog or an emotional support dog, but that question does not affect our analysis of Conlan's claims.

prohibited Conlan from raising an additional claim under the Montana Human Rights Act (MHRA), Mont. Code. Ann. §§ 49-2-101 *et seq.*, and (2) the district court's dismissal after a bench trial of his claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and the MHRA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Though we normally review a district court's ruling on a motion in limine for an abuse of discretion, *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021), we review the district court's ruling on Costco's motion in limine de novo because it was "a dispositive ruling akin to a dismissal under Fed. R. Civ. P. 12(b)(6)," *Dubner v. City and Cty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). "In reviewing a judgment following a bench trial, [we] review[] the district court's findings of fact for clear error and its legal conclusions de novo." *Id.* at 964.

1. Conlan sought to bring an MHRA claim against Costco arising from his visit as a customer to Costco's tire shop in March 2017: He brought along his dog, Teddy, to the tire shop but one of the employees insisted that the dog must stay outside (the "Tire Shop Claim"). Under Montana Law, Conlan is barred from bringing the Tire Shop Claim because he did not first exhaust his administrative remedies before the Montana Human Rights Bureau (MHRB). *See Borges v. Missoula Cty. Sheriff's Office*, 415 P.3d 976, 981 (Mont. 2018) ("A party claiming discrimination may not file a claim in district court without first obtaining an

2

adjudication of that claim by the [M]HRB."); *see* Mont. Code. Ann. §§ 49-2-504(7)(b)(ii), -512(1).

Conlan argues that Costco waived its exhaustion argument. But even assuming Costco's exhaustion argument can be waived, Conlan has presented no evidence that Costco knew that he intended to bring the Tire Shop Claim and unreasonably delayed in bringing its motion in limine. *See Edwards v. Cascade Cty.*, 212 P.3d 289, 295 (Mont. 2009) ("[T]he party asserting waiver must demonstrate the other party's knowledge of the existing right, acts inconsistent with that right, and resulting prejudice to the party asserting waiver."). As such, we affirm the district court's order granting in part Costco's motion in limine.

2. We affirm the district court's judgment dismissing Conlan's ADA and MHRA claims.[2]

Conlan argues that Costco failed to engage in the interactive process in good faith because Costco ended the interactive process when Conlan refused to authorize a third-party accommodation consultant to contact his medical provider. *See Garcia v. Salvation Army*, 918 F.3d 997, 1010 (9th Cir. 2019) ("An 'interactive process' is required upon a request for an accommodation.") (citation omitted). But Costco ended the interactive process because Conlan's primary care provider released him

---

[2] The MHRA is modeled after the ADA, and Montana looks to federal law in interpreting the MHRA. *Pannoni v. Bd. of Trs.*, 90 P.3d 438, 444 (Mont. 2004).

3

to return to work without restrictions. *See id.* ("A doctor's release to work without restrictions" ends the employer's duty to engage in further interactive process.).[3]

Conlan next argues that Costco failed to (1) show that allowance of an accommodation in the form of a service dog would cause undue hardship, and (2) proffer any alternative accommodations. *See id.* at 1009–10 (An employer must accommodate an employee's "known physical or mental limitations" unless the "employer can demonstrate that the accommodation would impose an undue hardship." (quoting *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 396 (2002))). But an employer that rejects an employee's requested accommodation must show "undue hardship" or offer "alternative accommodations" only if the employer was required to provide an accommodation in the first place. *Id*. Costco was not required to provide any accommodation because Conlan was cleared to work without restrictions. *Id.*

Lastly, Conlan argues that Costco's proffered reason for firing him—that he violated Costco's leave of absence policy—was pretextual, and that the true reason was Conlan's disability and request for a service dog accommodation. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (To state a prima facie case

---

[3] Conlan argues that his primary care provider's note was ambiguous about whether he could return to work, and that Costco should have conferred with the provider. The district court did not clearly err in finding that the note was not ambiguous and that it authorized his return.

4

of employment discrimination and retaliation, the employee must show, among other things, that he "was discriminated against because of [his] disability."). The district court did not clearly err in finding that Conlan was terminated for violating Costco's leave of absence policy. Conlan thus failed to state a prima facie case for employment discrimination and retaliation. *See Garcia*, 918 F.3d at 1009–10 (holding that an employer may lawfully terminate an employee who is cleared to work without restrictions but fails to return in violation of the employer's leave of absence policy).

**AFFIRMED.**